HAYES PAWLENKO LLP
MATTHEW B. HAYES (SBN 220639)
mhayes@helpcounsel.com
KYE D. PAWLENKO (SBN 221475)
kpawlenko@helpcounsel.com
595 E. COLORADO BLVD., SUITE 303
PASADENA, CA 91101
(626) 808-4357; FAX (626) 921-4932

Attorneys for Plaintiffs:
Stephanie Dalchau and Michael Goodwin

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE DALCHAU and MICHAEL GOODWIN, individuals on behalf of themselves and others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br>v.<br><br>FASTAFF, LLC; U.S. NURSING CORPORATION; and DOES 1 to 10 inclusive,<br><br>　　　　　　　　Defendants. | COLLECTIVE AND CLASS ACTION COMPLAINT FOR:<br><br>1. Failure to Pay Overtime Wages (Cal. Labor Code §§ 510, 1194)<br>2. Unfair Business Practices (Cal. Business & Professions Code § 17200, et seq.)<br>3. Waiting Time Penalties (Cal. Labor Code § 203)<br>4. Violations of the Fair Labor Standards Act (29 U.S.C. §§ 201, et seq.)<br><br>AND DEMAND FOR JURY TRIAL |

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1

Plaintiffs STEPHANIE DALCHAU and MICHAEL GOODWIN ("Plaintiffs"), on behalf of themselves and all others similarly situated, allege as follows:

## NATURE OF THE ACTION

1. This is a California-wide class action and nationwide FLSA collective action against the interrelated entities of FASTAFF, LLC and U.S. NURSING CORPORATION for (1) failing to include the value of housing benefits in the regular rate of pay when calculating overtime wages and (2) failing to pay all wages owing at the termination of employment.

## JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy in this action exceeds $75,000, exclusive of interests and costs, and because the parties are residents of different states.

3. This Court also has original federal question jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States. Specifically, this action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), which authorizes private rights of action to recover damages for violations of the FLSA's wage and hour provisions.

4. This Court has supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367 because they are so related to this action that they form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

5. This action may be brought in this judicial district pursuant to 28 U.S.C. § 1391 because Fastaff, LLC and U.S. Nursing Corporation employ putative class members and transact business in this judicial district and a substantial part of the acts and/or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

6. Plaintiff Stephanie Dalchau is a resident of Oregon who was employed as a non-exempt hourly employee of Fastaff, LLC and U.S. Nursing Corporation in Petaluma, California from September 2015 to November 2015.

7. Plaintiff Michael Goodwin is a resident of Indiana who was employed as a non-exempt hourly employee of Fastaff, LLC and U.S. Nursing Corporation in Goshen, Indiana from October 2016 to November 2016.

8. Fastaff, LLC is a Colorado limited liability company that, at all relevant times, has been engaged in the business of health care staffing throughout California and the rest of the United States.

9. U.S. Nursing Corporation is a Colorado corporation that, at all relevant times, has been engaged in the business of health care staffing throughout California and the rest of the United States.

10. Fastaff, LLC and U.S. Nursing Corporation are joint employers and/or are integrated to such a degree that they are a single employer in that they both exercised control over Plaintiffs' and other putative class members' wages, hours and working conditions, and they shared management, offices, human resources, payroll functions, and had common ownership and/or financial control.

11. Plaintiffs are currently unaware of the true names and capacities of the defendants sued by the fictitious names DOES 1 through 10, inclusive, and, therefore, sue those defendants by fictitious names. Plaintiffs allege on information and belief that each of the DOE defendants is responsible or liable in some manner for the conduct alleged in the complaint and that Plaintiffs' damages as herein alleged were proximately caused by those DOE defendants.

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

3

Plaintiffs will amend this complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

12. Plaintiffs allege on information and belief that, at all times herein mentioned, each of the defendants was the agent, servant and employee of each of the other defendants, and in connection with the conduct hereinafter alleged, was acting within the scope of such agency and employment, and each defendant ratified each and every act, omission and thing done by each and every other defendant named herein.

13. Defendants Fastaff, LLC, U.S. Nursing Corporation, and DOES 1 through 10 will be referred to hereafter, collectively, as "Defendants."

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

14. Defendants are a staffing company that employ hourly health care professionals for short-term travel assignments at health care providers throughout the United States.

15. The terms and conditions of employment between Defendants and their health care professionals are governed by a form "Assignment Agreement Letter."

16. The Assignment Agreement Letter requires each healthcare professional to work a specified "minimum" number of hours per week.

17. As part of the healthcare professionals' compensation, the Assignment Agreement Letter provides for a housing benefit in the form of either a housing subsidy payment or company-provided housing.

18. The housing benefit is, however, contingent upon healthcare professionals working their minimum required number of hours each week.

19. When health care professionals fail to work their minimum number of weekly required hours, the Assignment Agreement Letter provides that the housing benefit will be

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

4

prorated proportionately according to the actual hours worked by the health care professional that week.

20. The amount of the housing benefit is thus not based upon the actual expenses of lodging incurred each week, but instead is based upon, and varies with, the number of weekly hours worked by health care professionals.

21. Notwithstanding that the amount of the housing benefit is based upon, and varies with, the number of weekly hours worked by health care professionals, Defendants do not include the value of the housing benefit in the health care professionals' regular rates of pay for purposes of calculating overtime pay.

22. Plaintiffs' employment with Defendants was governed by Assignment Agreement Letters that provided for adjustments to the housing benefit based on the number of hours worked per week.

23. During their employment with Defendants, Plaintiffs worked in excess of 8 hours per day and 40 hours per week.

24. Defendants did not include the value of Plaintiffs' housing benefits in Plaintiffs' regular rate of pay for purposes of calculating their overtime pay.

### **REPRESENTED PARTIES UNDER FLSA COLLECTIVE ACTION**

25. Plaintiffs bring the FLSA claim on behalf of themselves and all non-exempt hourly employees employed by Defendants in the United States at any time since March 25, 2014 whose employment was governed by an Assignment Agreement Letter that provided for a housing benefit that was subject to adjustment based on the number of hours worked each week (hereafter "FLSA Class").

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

5

## CLASS ACTION ALLEGATIONS

26. Plaintiffs bring the California state law claims on behalf of themselves and all others similarly situated pursuant to Federal Rule of Civil Procedure 23. Plaintiffs seek to represent a California class composed of the following:

> All non-exempt hourly employees employed by Defendants in California from March 25, 2013 through the date of class certification whose employment was governed by an Assignment Agreement Letter that provided for a housing benefit that was subject to adjustment based on the number of hours worked each week.

27. Plaintiffs reserve the right to amend or modify the class descriptions or establish additional subclasses as appropriate.

28. This action has been brought and may properly be maintained as a class action under Rule 23 because there is a well-defined community of interest in the litigation.

**A. Numerosity**

29. The potential members of the class as defined are so numerous that joinder of all the members of the class is impracticable. While the precise number of members of the class has not been determined at this time, Plaintiffs are informed and believes that the class contains in excess of 100 individuals.

**B. Commonality**

30. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include, without limitation, (1) whether Defendants' housing benefit was subject to adjustment based on weekly hours worked and (2) whether Defendants included the value of housing benefits in class members' regular rates of pay for purposes of calculating overtime pay.

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

6

### C. Typicality

31. The class claims of the proposed class representatives are typical of the claims of each class member.

32. As with other members of the class, (1) Plaintiffs worked pursuant to Assignment Agreement Letters that provided for a housing benefit that was subject to adjustment based upon weekly hours worked and (2) Defendants excluded the value of Plaintiffs' housing benefit from the regular rate when calculating their overtime pay.

### D. Adequacy of Representation

33. Plaintiffs will fairly and adequately represent and protect the interests of the members of the class. Counsel who represent Plaintiffs are competent and experienced in litigating employment class actions.

### E. Superiority of Class Action

34. A class action is superior to other available means for the fair and efficient adjudication of the class claims. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each member of the class has been damaged and is entitled to recover by reason of Defendants' illegal common policies.

35. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

# FIRST CAUSE OF ACTION

# CLASS ACTION CLAIM FOR FAILURE TO PAY OVERTIME

# (LABOR CODE §§ 510, 1194)

36. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

37. Labor Code section 510 requires an employer to provide premium overtime pay for all work in excess of 8 hours per day and 40 hours per week.

38. Labor Code section 1194 entitles an employee receiving less than the legal overtime pay to recover, in a civil action, the unpaid balance of overtime wages owing, plus interest thereon, reasonable attorneys' fees, and costs of suit.

39. As a result of Defendants' failure to include the value of housing benefits in employees' regular rates of pay for purposes of calculating overtime pay, Plaintiffs and other members of the class were not paid the correct premium overtime rates for all hours worked in excess of 8 hours per day and/or 40 hours per week.

40. Plaintiffs seek to recover, on behalf of themselves and other class members, payment of the overtime owing to them, plus penalties and interest, attorneys' fees and costs, in an amount to be proven at trial.

# SECOND CAUSE OF ACTION

# CLASS ACTION CLAIM FOR UNFAIR BUSINESS PRACTICES

# (BUSINESS & PROFESSIONS CODE § 17200, et seq.)

41. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

42. A violation of California Business & Professions Code section 17200, et seq. may

be predicated on the violation of any state or federal law.

43. Defendants' failure to pay Plaintiff and other class members the correct premium overtime rates for all hours worked in excess of 8 hours per day and/or 40 hours per week violates Business & Professions Code section 17200, et seq. by virtue of violating Labor Code section 510.

44. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiffs, the other class members, and the general public. Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

45. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

46. Pursuant to California Business & Professions Code section 17200, et seq., Plaintiffs and other class members are entitled to an accounting for and restitution of the wages unlawfully withheld and retained by Defendants during the class period, an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws, and an award of costs.

### THIRD CAUSE OF ACTION

### CLASS ACTION CLAIM FOR WAITING TIME PENALTIES

### (LABOR CODE §§ 201, 202, 203)

47. Plaintiffs reallege and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

9

48. Labor Code sections 201 and 202 require an employer to promptly pay all wages owing to an employee at the conclusion of employment.

49. Plaintiffs and some other members of the class are no longer employed by Defendants.

50. Throughout the class period, Plaintiffs and other class members who are former employees of Defendants were not timely paid all wages owing at the time of termination of employment because they were not paid the correct overtime rates of pay.

51. Defendants' failure to pay Plaintiffs and other class members who are former employees of Defendants all wages owing, as alleged above, was willful, as Defendants intentionally failed to include the value of housing benefits in their regular rates of pay for purposes of calculating overtime pay.

52. Plaintiffs and other class members who are former employees of Defendants are therefore entitled to penalties, in an amount to be determined at trial, pursuant to Labor Code section 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

## **FOURTH CAUSE OF ACTION**

## **COLLECTIVE ACTION CLAIM FOR VIOLATION OF THE FLSA**

## **(29 U.S.C. §§ 207, 216)**

53. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

54. At all relevant times, Defendants were an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203 and grossed more than $500,000 in each of the last three calendar years.

At all relevant times, Defendants employed health care professionals, including Plaintiffs and the FLSA Class.

55. Attached hereto, as Exhibit 1, is the consent to sue form signed by Plaintiffs in this action pursuant to section 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256. Other FLSA Class members will likely sign consent to sue forms and join as opt-in plaintiffs on this claim in the future.

56. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for all hours worked and overtime at a rate of not less than one and one-half times the regular rater of pay for work performed in excess of forty hours in a workweek.

57. As alleged above, in violation 29 U.S.C. § 207, Defendants did not include the value of Plaintiffs' and other FLSA Class members' housing benefit in the regular rate of pay for purposes of calculating overtime when Plaintiffs and other FLSA Class members worked in excess of forty hours in a workweek. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

58. Plaintiffs, on behalf of themselves and the FLSA Class, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

59. Plaintiffs, on behalf of themselves and the FLSA Class, seek recovery of their attorneys' fees and costs of action to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

/ / /

/ / /

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

### Class Certification

1. That this case be certified as a class action with respect to the California state law claims;

2. That Plaintiffs be appointed as the representatives of the class; and

3. That counsel for Plaintiffs be appointed as class counsel.

### Collective Action Certification

4. That the FLSA claim be certified as a collective action and that notice be sent to the FLSA Class providing them notice of the opportunity to join this case pursuant to 29 U.S.C. § 216(b);

### First Cause of Action

5. That the Court declare, adjudge and decree that Defendants violated Labor Code section 510 by failing to pay Plaintiffs and other class members the correct overtime rates for all hours worked in excess of 8 hours per day and/or 40 hours per week;

6. For unpaid overtime wages and such general and special damages as may be appropriate;

7. For pre-judgment interest on any unpaid overtime wages owing commencing from the date such amounts were due;

8. For reasonable attorneys' fees and costs of suit incurred herein pursuant to Labor Code section 1194(a); and

9. For such other and further relief as the Court may deem equitable and appropriate.

**Second Cause of Action**

10. That the Court declare, adjudge and decree that Defendants violated Business & Professions Code section 17200, et. seq. by failing to pay Plaintiffs and other class members the correct premium overtime rates for all hours worked in excess of 8 hours per day and/or 40 hours per week in violation of Labor Code section 510;

11. For an accounting for and restitution of the wages unlawfully withheld and retained by Defendants during the class period;

12. Fort reasonable attorneys' fees and costs of suit incurred herein pursuant to Code of Civil Procedure section 1021.5; and

13. For such other and further relief as the Court may deem equitable and appropriate.

**Third Cause of Action**

14. That the Court declare, adjudge and decree that Defendants violated Labor Code sections 201, 202 and 203 by willfully failing to pay all wages owed at the time of termination of employment of Plaintiffs and other class members who are former employees of Defendants;

15. For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and all other class members who are former employees of Defendants; and

16. For such other and further relief as the Court may deem equitable and appropriate.

**Fourth Cause of Action**

17. That the Court declare, adjudge and decree that Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiffs and other members of the FLSA Class the correct overtime rates for all hours worked in excess of 40 hours per week;

18. For unpaid overtime compensation wages;

19. For liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b);

20. For attorneys' fees and costs of suit incurred herein pursuant to 29 U.S.C. § 216(b); and

21. For such other and further relief as the Court may deem equitable and appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of these claims by jury to the extent authorized by law.

DATED: March 25, 2017                HAYES PAWLENKO LLP

                                                By:/s/Matthew B. Hayes
                                                       Matthew B. Hayes
                                                       Kye D. Pawlenko
                                                       Attorneys for Plaintiffs

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL