UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE DALCHAU, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FASTAFF, LLC, et al.,<br><br>    Defendants. | Case No. 17-cv-01584-WHO<br><br>**ORDER GRANTING MOTION FOR CONDITIONAL CERTIFICATION** |

Plaintiffs Stephanie Dalchau and Michael Goodwin bring a putative class action and a Fair Labor Standards Act ("FLSA") collective action on behalf of themselves and all similarly situated hourly employees of defendants U.S. Nursing Co. and its subsidiary, Fastaff, LLC (collectively "Fastaff"). They allege that as a part of their pay, employees receive either a weekly stipend or in-kind housing, and that Fastaff illegally excludes the value of the housing benefit from the regular rate when calculating overtime. According to plaintiffs, because the value of the housing benefit is tied to hours worked, excluding the value from the regular rate to calculate overtime results in Fastaff underpaying overtime to its employees. They now move for conditional certification of their FLSA claim. Plaintiffs have met their very light burden at this stage to show that there is some factual basis for their FLSA claim, and I GRANT their motion for FLSA certification.

## BACKGROUND

Dalchau is an Oregon resident who was formerly employed by Fastaff in Petaluma, California, and Goodwin is an Indiana resident who was formerly employed by Fastaff in Goshen, Indiana. Compl. ¶¶ 6-7. They allege that Fastaff illegally excluded the value of housing benefits from the regular rate used to calculate overtime, resulting in underpayment. *See id*. ¶¶ 17-24. Given the exclusion from the regular rate, they contend that their total overtime compensation was

not properly calculated and paid. Plaintiffs' FLSA claim is based on alleged company-wide Fastaff policies, and they seek to represent a nationwide collective class. They now move for conditional certification of their collective action under Section 216(b) of FLSA.

**LEGAL STANDARD**

An employee may bring a collective action under the FLSA on behalf of other "similarly situated" employees. 29 U.S.C. § 216(b). Most courts follow a two-step approach to determine whether employees in a proposed collective are "similarly situated" such that FLSA certification is appropriate. *Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 837 (N.D. Cal. 2010); *see also Daniels v. Aeropostale West, Inc.*, No. C-12-05755-WHA, 2013 WL 1758891, *5 (N.D. Cal. Apr. 24, 2013). During the first step, the court must determine whether the proposed collective should be informed of the action and given "notice." *Harris*, 716 F. Supp. 2d at 837. At the notice stage it is the plaintiffs' burden to make substantial allegations that the putative collective members were subject to an illegal policy, plan, or decision, by showing that there is some factual basis beyond the "mere averments" in the complaint. *Daniels*, 2013 WL 1758891, *6. The "notice" stage determination of whether the putative collective members will be similarly situated is made under a "fairly lenient standard" which typically results in conditional certification. *Id.*

Given the lenient standard at the notice stage, courts have held that plaintiffs bear a "very light burden" in substantiating the allegations. *Prentice v. Fund for Pub. Interest Research, Inc.*, No. C-06-7776-SC, 2007 WL 2729187, *5 (N.D. Cal. Sept. 18, 2007) ("Given that a motion for conditional certification usually comes before much, if any, discovery, and is made in anticipation of a later more searching review, a movant bears a very light burden in substantiating its allegations at this stage.").

"[T]he party opposing the certification may move to decertify the class once discovery is complete." *Benedict v. Hewlett-Packard Co.*, No. C-13-0019-LHK, 2014 WL587135, at *5 (N.D. Cal. Feb. 13, 2014). During this second stage the court makes factual determinations as to the "propriety and scope of the class, and must consider three factors: (1) the disparate factual and employment setting of the individual plaintiffs; (2) the various defenses available to the defendants with respect to the individuals plaintiffs; and (3) fairness and procedural

considerations." *Richie v. Blue Shield of California*, No. C-13-2693-EMC, 2014 WL 6982943, at *7 (N.D. Cal. Dec. 9, 2014). During this stage the "court engages in a more stringent inquiry into the propriety and scope of the collective action" because "discovery is complete and the case is ready to be tried." *Labrie v. UPS Supply Chain Solutions, Inc.*, No. C 083182-PJH, 2009 WL 723559, at *4 (N.D. Cal. Mar. 18, 2009).

The second step of FLSA certification occurs "after the conditional class has received notice and discovery has been completed. *Richie*, 2014 WL 6982943, at *7. "Where substantial discovery has been completed [at the time plaintiffs' move for conditional certification], some courts have skipped the first-step analysis and proceeded directly to the second step." *Smith v. T-Mobile USA, Inc.*, No. CV 05-5274, 2007 WL 2385131, at *4 (C.D. Cal. Aug. 15, 2007).

**DISCUSSION**

**I.    CONDITIONAL CERTIFICATION**

Plaintiffs assert that Fastaff has a nationwide policy of providing housing benefits based on the amount of time that an employee works and then illegally excluding the value of the housing benefits from the rate used to calculate overtime compensation, resulting in underpayment. They seek to conditionally certify a collective of "[a]ll individuals who, at any time within three years prior to the date of conditional certification, worked an assignment pursuant to an Assignment Agreement Letter with Fastaff, LLC, during which they received a housing stipend or in-kind housing, worked in excess of 40 hours in one or more workweeks, and had the value of their housing benefit excluded from their regular rate for purposes of calculating overtime." Mot. at 2 (Dkt. No. 32-2). To satisfy the burden at the conditional certification stage, plaintiffs must provide "little more than substantial allegations, supported by declarations or discovery, that putative class members were together the victims of a single decision, policy, or plan." *Velasquez v. HSBC Finance Corp.*, 266 F.R.D. 424, 427 (N.D. Cal. 2010).

To support their allegations, plaintiffs provide copies of Fastaff's Assignment Agreement Letters, their own declarations, and some of the limited discovery that has taken place in this case. The Assignment Agreement Letters state, "Fastaff offers housing or housing subsidy as an employment benefit for the length of your assignment. Receiving maximum housing subsidy is

3

contingent upon working your guaranteed hours each work week." Declaration of Stephanie Dalchau (Dalchau Decl.), Ex. 1 at FAS/DAL 000003 (Dkt. No. 32-4). The letters go on to say, "Housing and other applicable subsidies shall be prorated proportionately according to your actual hours worked." *Id.* This policy, as stated in the Assignment Agreement Letters, allegedly led to Fastaff using the incorrect rate for calculating overtime compensation.

Plaintiffs also rely on their own declarations and the deposition of Fastaff's Vice President of Administration, Kimberly Windsor, to support their nationwide FLSA allegations. Dalchau claims that during her employment at Fastaff, she worked two assignments and received a weekly housing stipend. When she worked overtime, the housing subsidy was not included in the calculation of her overtime rate of pay. Dalchau Decl. ¶¶ 2-5 (Dkt. No. 32-3). Additionally, Goodwin asserts that, while on assignment with Fastaff, he received a housing subsidy that was reflected on his pay stub but not included in the calculation of his overtime rate of pay. Declaration of Michael Goodwin ¶¶ 5-6 (Dkt. No. 32-5). Plaintiffs also provide the deposition of Windsor, in which she declares that receipt of the housing benefit is tied to the amount of time that an employee spends working. Deposition of Kimberly Windsor at 57:9-58:9 (Dkt. No. 32-8, Ex. 5). Furthermore, the housing benefit is prorated when an employee does not work a certain amount of hours while on assignment. *Id.* at 59:21-60:15.

Fastaff argues that a heightened certification standard should apply in the instant case given that some discovery has already taken place. Fastaff also opposes the motion for conditional certification, asserting that (1) some putative class members do not have a viable FLSA claim even if plaintiffs' theory of underpayment is correct; and (2) plaintiffs failed to show that putative class members were "uniformly 'victims' of a common policy." Oppo. at 10-13 (Dkt. No. 35). And if the class is certified, Fastaff requests that the class period be limited to two years, and that the collective period should end in May 2017, when Fastaff altered the policy in question.

### A. A Heightened Certification Standard Does Not Apply

Fastaff argues that I should apply a more stringent analysis of conditional certification for the instant motion because discovery has occurred in this case. Plaintiffs respond that courts in

4

this district do not apply a more stringent factual analysis at this stage of litigation. Plaintiffs are correct.

The "notice" stage determination of whether the putative collective members will be similarly situated is made under a "fairly lenient standard" that typically results in conditional certification. *Godhigh v. Savers, Inc.*, No. 16-cv-2874, 2016 WL 7406659, at *2 (N.D. Cal. December 22, 2016). Fastaff relies solely on cases outside this district to advocate for a more stringent standard. But courts in this district have repeatedly confirmed that a lenient standard for conditional certification is appropriate at this stage in litigation. *See, e.g.*, *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 536 (N.D. Cal. 2007) (noting that plaintiffs need to merely make "allegations that the putative class members were subject to a single illegal decision, policy, or plan" at the conditional certification stage). That a modest amount of discovery has occurred does not change this standard. A heightened certification standard does not apply.

### B. Plaintiffs Are Similarly Situated

Fastaff contends that plaintiffs cannot demonstrate that they are "similarly situated" to each other or other potential class members because Dalchau does not have a viable FLSA claim. It argues that California's pay requirements resulted in Dalchau being paid more in overtime than she is eligible to receive under FLSA. It asserts that this is likely true of other nurses who worked in California and other states with stricter pay requirements than FLSA. Accordingly, it concludes that all travel nurses cannot be similarly situated.

This line of inquiry, however, is irrelevant for conditional certification because it requires exploring the scope of individual damages. *See Adams*, 242 F.R.D. at 537. The arguments regarding the variation in how and to what extent the nurses were already paid are immaterial at this stage. Plaintiffs have shown that they were all subject to Fastaff's policy of excluding the value of housing benefits from the overtime pay rate. Accordingly, plaintiffs have demonstrated that they are similarly situated to each other and to potential class members.

### C. Plaintiffs Have Adequately Alleged a Common Policy or Plan

Fastaff claims that the plaintiffs' evidence does not demonstrate that they are victims to a "uniform" policy because (1) for many nurses, the housing subsidy never varied because they

5

either worked or were available to work their guaranteed hours and (2) even where nurses did not work at least the guaranteed hours, the housing subsidy was not reduced if Fastaff decided it was not necessary or appropriate. Fastaff further argues that given this variety in how the policy was implemented, plaintiffs and potential class members cannot be similarly situated. But the reduction to the housing subsidy is irrelevant to the plaintiffs' theory of liability. What makes all of these employees similarly situated with respect to the overtime claim is that plaintiffs and potential class members were all subject to the same policy that conditioned the right to the weekly subsidy on the extent to which they satisfied their guaranteed hours.

In arguing that plaintiffs' evidence does not demonstrate that they are victims to a "uniform" policy, Fastaff ignores the substance of the allegations. Plaintiffs assert that by not including the value of the housing benefit in the overtime pay rate, Fastaff provided inadequate overtime compensation subject to a FLSA claim. They support these allegations with evidence that the value of the housing benefit was directly linked to the amount of time worked and that paystubs demonstrating that this value was not included in the overtime calculation. Whether the housing subsidy was reduced is immaterial at this stage. Plaintiffs have adequately alleged a common policy or plan and that they are similarly situated to the potential class members. Accordingly, they satisfy the requirements for conditional certification.

### D. Scope of the Conditional Certification

After this action was filed, Fastaff changed its housing benefit policy on or around May 17, 2017, eliminating hourly proration of the housing subsidy. Now it only reduces a housing subsidy if a nurse does not work any portion of the day due to unavailability. Fastaff argues that this change in policy means that no putative class members have a claim after May 17, 2017.

This change in policy does not address the crux of plaintiffs' allegations. Their theory of recovery is based upon Fastaff omitting the value of the housing benefit from the overtime compensation pay rate. The allegations found in plaintiffs' complaint specifically describe Fastaff's policy of hourly proration, but unambiguously base the theory of liability on the exclusion of the housing benefit's value from the overtime pay rate. Accordingly, Fastaff's change in policy does not exclude the policy from plaintiffs' theory of liability in this case. And it

does not provide a reason to limit the class time period.

Fastaff also argues that the class time period should be limited to two years from the date that any notice is issued because a three-year limitation can only apply to a "willful" violation. Fastaff does not cite any authority to support this argument. Courts in this district only limit the class period to two years when "it is apparent, as a matter of law, that Defendants' conduct was not willful." *Senne v. Kansas City Royals Co.*, No. 14-cv-00608-JCS, 2015 WL 6152476, at *16 (N.D. Cal. Oct. 20, 2015); *see also Wren v. RGIS Inventory Specialists*, No. C-06-05778-JCS, 2007 WL 4532218 (N.D. Cal. Dec. 19, 2007). Fastaff has not presented any evidence that would allow me to make such a finding. Accordingly, the class period will not be limited to a two-year period.

## CONCLUSION

For the foregoing reasons, I GRANT plaintiffs' motion for conditional collective action certification for all individuals who, at any time within three years prior to the date of conditional certification, worked an assignment pursuant to an Assignment Agreement Letter with Fastaff, LLC, during which they received a housing stipend or in-kind housing, worked in excess of 40 hours in one or more workweeks, and had the value of their housing benefit excluded from their regular rate for purposes of calculating overtime.

**IT IS SO ORDERED.**

Dated: January 17, 2018

William H. Orrick
United States District Judge