MORGAN, LEWIS & BOCKIUS LLP
John S. Battenfeld, Bar No. 119513
john.battenfeld@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, California 90071-3132
Telephone: +1.213.612.2500
Facsimile: +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Shannon B. Nakabayashi, Bar No. 215469
shannon.nakabayashi@morganlewis.com
One Market, Spear Tower
San Francisco, California 94105
Telephone: +1.415.442.1000
Facsimile: +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Anne-Marie Estevez, *admitted pro hac vice*
annemarie.estevez@morganlewis.com
200 South Biscayne Boulevard, Suite 5300
Miami, Florida 33131
Telephone: +1.305.415.3000
Facsimile: +1.305.415.3001

Attorneys for Defendants
FASTAFF, LLC and U.S. NURSING
CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE DALCHAU and MICHAEL GOODWIN, individuals on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FASTAFF, LLC; U.S. NURSING CORPORATION; and DOES 1 to 10 inclusive,<br><br>Defendants. | Case No. 3:17-cv-01584-WHO<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PLAINTIFFS' STATE LAW CLAIMS**<br><br>Date:     March 28, 2018<br>Time:    2:00 p.m.<br>Courtroom: 4, 17th Floor |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 32841930.1

DEFS.' NOTICE OF MOTION AND
MOTION TO STAY
Case No. 3:17-cv-01584-WHO

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT on March 28, 2018 at 2:00 p.m. in Courtroom 4, 17th Floor, or as soon thereafter as can be heard before the Honorable William H. Orrick of the United States District Court for the Northern District of California, Defendants Fastaff, LLC and U.S. Nursing Corporation will and hereby do move this Court for an Order staying consideration of Counts 1, 2, and 3 of Plaintiffs' Class Action Complaint, bringing claims for failure to pay overtime wages under California Labor Code §§ 510 and 1194; unfair business practices under California Business & Professions Code §§ 17200 et seq.; and waiting time penalties under California Labor Code § 203, until the Stanislaus County Superior Court decides whether to preliminarily and finally approve the proposed settlement in *Andrea Moppin v. Fastaff, LLC; U.S. Nursing Corporation*, which covers the above claims.

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Shannon Nakabayashi, all pleadings and papers on file with this Court, and such evidence and argument as may be present at or before the hearing on this matter.

Dated:  February 21, 2018

MORGAN, LEWIS & BOCKIUS LLP

By   /s/ John S. Battenfeld
John S. Battenfeld
Shannon B. Nakabayashi
Anne-Marie Estevez, *admitted pro hac vice*

Attorneys for Defendants
FASTAFF, LLC, and U.S. NURSING CORPORATION

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 32841930.1

1

DEFS.' NOTICE OF MOTION AND MOTION TO STAY
Case No. 3:17-cv-01584-WHO

## I. INTRODUCTION

Defendants Fastaff, LLC and U.S. Nursing Corporation respectfully move the Court to temporarily stay litigation of Plaintiff Stephanie Dalchau's state law claims,[1] including Dalchau's motion for class certification of her state law claims, because of the settlement agreement reached in *Moppin v. Fastaff, LLC et al.* that has been submitted to the Stanislaus County Superior Court (the "State Court") for preliminary approval. The *Moppin* settlement, if approved, will largely resolve Dalchau's state law class claims against Defendants.

Although Dalchau's counsel has stated an intent to oppose the settlement reached in *Moppin*—and obtained an *ex parte* order from the State Court allowing Dalchau to intervene in *Moppin* for that purpose and continuing the *Moppin* preliminary hearing until April 12, 2018—granting a temporary stay of the state law claims in this case to allow the State Court to consider the fairness of the proposed settlement best serves the interest of all involved. First, it allows this Court to avoid expending judicial resources on issues that may be resolved. Likewise, it saves the parties from investing time and energy litigating issues that may become moot. Finally, it is in the interest of the class that Dalchau seeks to represent to have the State Court determine whether the arms-length settlement agreement reached in *Moppin* fairly and adequately resolves the claims asserted in *Moppin*, which include the state law class claims raised in this action.

In similar circumstances, this Court and other courts have stayed class action claims while a proposed class settlement is pending in another court. So too here, the Court should stay Dalchau's state law claims while the *Moppin* settlement is pending before the State Court.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. The *Dalchau* Action

Plaintiffs Stephanie Dalchau and Michael Goodwin, former travel nurses for Fastaff, filed this lawsuit on March 24, 2017. (*See* Compl.). In their complaint, Dalchau and Goodwin brought three class claims and a federal collective claim against Defendants: (1) failure to pay overtime wages (Cal. Lab. Code § 510); (2) violation of the unfair competition law ("UCL") (Bus. and

---

[1] Although there are two plaintiffs in this action, only Dalchau has standing to assert state law claims.

Morgan, Lewis & Bockius LLP
Attorneys at Law
Los Angeles

DB2/ 32841930.1

2

DEFS.' NOTICE OF MOTION AND MOTION TO STAY
Case No. 3:17-cv-01584-WHO

Prof. Code §§ 17200, et seq.); (3) failure to timely pay all wages owed upon termination or separation of employment (Cal. Lab. Code §§ 201-203); and (4) violation of the Fair Labor Standards Act (29 U.S.C. §§ 201 et seq.) for failure to pay overtime. (*See id.*).

This Court conditionally certified a nationwide FLSA collective action on January 17, 2018. A stay of Plaintiffs' FLSA claim is not sought in this motion.[2] Dalchau moved for class certification of her state law claims on January 12, 2018, seeking to certify a class of all nurses "who, at any time from March 25, 2013 through the date of certification, worked in California pursuant to an Assignment Agreement Letter with Fastaff during which they received a housing stipend or in-kind housing, received overtime pay, and had the value of the housing benefit excluded from their regular rate for purposes of calculating overtime pay." (Dkt. No. 41, at 2).

### B.     The Earlier-Filed *Moppin* Action

On May 24, 2016—ten months before Dalchau filed suit—Andrea Moppin filed a complaint in the Stanislaus County Superior Court, captioned *Andrea Moppin v. Fastaff, LLC; U.S. Nursing Corporation*, Case No. 2020283. Moppin's complaint brought claims against Fastaff and U.S. Nursing for violation of the Private Attorneys General Act of 2004, Labor Code §§ 2698, *et seq.* ("PAGA"). (*See* Declaration of Shannon Nakabayashi (Nakabayashi Decl.") ¶ 2, Ex. A). The complaint sought civil penalties for various claimed California Labor Code violations on behalf of alleged aggrieved employees, defined as all non-exempt California employees of defendants, including: (1) failure to provide meal periods (Cal. Lab. Code §§ 226.7 and 512); (2) failure to provide rest periods (Cal. Lab. Code §§ 226.7); (3) failure to pay overtime (Cal. Lab. Code §§ 510 and 1194); (4) failure to furnish accurate itemized wage statements (Cal. Lab. Code § 226(a)); and (5) failure to timely pay all wages owed upon termination or separation of employment (Cal. Lab. Code §§ 201-203). (Nakabayashi Decl. ¶ 3). Moppin's PAGA penalty claims were based in part on the allegation that Defendants' housing subsidy payments should have been included in the regular rate for California employees. (*Id.* ¶ 4). However, the claimed violations were much broader than the limited housing subsidy claims asserted in this case.

---

[2] The proposed settlement in *Moppin* is limited to travel nurses who worked on assignments in California.

Morgan, Lewis & Bockius LLP
Attorneys at Law
Los Angeles

DB2/ 32841930.1

3

DEFS.' NOTICE OF MOTION AND
MOTION TO STAY
Case No. 3:17-cv-01584-WHO

On August 8, 2017, following over a year of formal and informal discovery efforts, the parties in *Moppin* participated in an all-day private mediation session before Mark Rudy, a mediator well-recognized for his experience in mediating wage and hour lawsuits.[3] (Nakabayashi Decl. ¶ 5). As a result of the mediation session and further mediation-related negotiations, the parties reached agreement on proposed terms to settle the alleged California Labor Code violations at issue in *Moppin*. As part of these mediation negotiations, the *Moppin* parties agreed to resolve not only representative PAGA claims, but also class claims that could be brought based on the same facts and theories. (*Id.* ¶ 6). The parties also agreed to resolve related FLSA overtime claims that could be brought but only as to settlement class members who affirmatively agreed to join the settlement. (*Id.*). The proposed state law Settlement Class consists of "all persons who are or were employed by either Fastaff, LLC or U.S. Nursing Corporation as hourly paid, non-exempt nurses on one or more assignments at health care facilities in California at any time between July 1, 2013 and the Preliminary Approval Date." (*Id.*). As such, the proposed Settlement Class includes Dalchau and nearly all of the putative class she seeks to certify in this case.[4]

On January 10, 2018, as agreed to in the Settlement, Moppin filed a proposed First Amended Complaint ("FAC") adding class claims on behalf of a putative class of all non-exempt nurses who worked one or more assignments at health care facilities in California between July 1, 2013 and the present, and collective claims on behalf of a similar putative collective going back to July 1, 2014. (Nakabayashi Decl. ¶ 7, Ex. B). The claims in the First Amended Complaint are based on the same facts alleged in the original PAGA-only complaint, including the allegation that Fastaff failed to properly pay overtime because it did not include housing subsidy payments in the regular rate of pay. (Nakabayashi Decl. ¶ 8).

The *Moppin* court granted the stipulation to file the FAC on January 17, 2018, and Moppin filed a motion for preliminary approval of the Settlement on the same day. (Nakabayashi

---

[3] The Plaintiffs in this action previously informed Defendants and this Court that they had no interest in in participating in any mediation or other settlement discussions until after the Court ruled on class certification. *See* Status Conference Minutes, Dkt. Enty # 27.

[4] The *Dalchau* putative class goes back to March 25, 2013.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 32841930.1

4

DEFS.' NOTICE OF MOTION AND MOTION TO STAY
Case No. 3:17-cv-01584-WHO

1  Decl. ¶ 9, Ex.C).[5]

2      Five days later, on January 22, 2018, Dalchau applied *ex parte* to intervene in the *Moppin* action. (Nakabayashi Decl. ¶10, Ex. D). Dalchau did not simply seek intervention for the purpose of objecting to the fairness of the proposed Settlement, however. Instead, she also sought to delay the State Court's consideration of the Settlement until after this Court ruled on her motion for class certification. (*Id.* ¶ 10). After no opportunity for briefing or meaningful argument given the minimal *ex parte* notice, the State Court granted Dalchau's *ex parte* application to intervene and continued the scheduled hearing on Moppin's motion for preliminary approval to April 12, 2018. (*Id.* ¶ 12; Transcript of January 23, 2018 *Ex Parte* Hearing in *Moppin v. Fastaff, LLC et al.*, No. 2020283 (Stanislaus County Superior Court), at 14-16).

## III. THE COURT SHOULD TEMPORARILY STAY PLAINTIFF'S STATE LAW CLAIMS TO ALLOW THE *MOPPIN* COURT TO CONSIDER AND RULE ON THE PROPOSED SETTLEMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Under this inherent authority "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Jaffe v. Morgan Stanley DW, Inc.*, No. C06-3903 TEH, 2007 WL 163196, at *1 (N.D. Cal. Jan. 19, 2007). In considering whether to grant a stay pursuant to their inherent powers, courts in the Ninth Circuit weigh three factors in determining whether to grant a stay pending the outcome of independent proceedings: (1) the orderly course

---

[5] The day after the *Moppin* court granted the stipulation for Moppin to file her first amended complaint, Defendants filed a Notice of Pendency of Other Action in this case, which also informed Dalchau and the Court of the settlement reached in *Moppin*. (*See* Dkt. No. 44). Plaintiffs here subsequently filed a response to Fastaff's Notice, in which they wrongly accused Fastaff of failing to timely file the Notice. (Dkt. No. 46). Contrary to Plaintiffs' baseless accusations, Fastaff filed its Notice in this Court as soon as the *Moppin* First Amended Complaint was deemed filed by the State Court, at which time *Moppin* asserted class and collective claims that overlap in part with the claims asserted in this case. Fastaff was preparing to file a similar notice in the *Moppin* court when Dalchau and Goodwin filed an *ex parte* application to intervene, informing the *Moppin* court of the Dalchau action.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 32841930.1

5

DEFS.' NOTICE OF MOTION AND
MOTION TO STAY
Case No. 3:17-cv-01584-WHO

of justice "measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay"; (2) the hardship or inequity that a party may suffer in being required to go forward; and (3) the possible "damage" that may result from granting a stay. *Matera v. Google Inc.*, No. 15-04062, 2016 WL 454130, at *1 (N.D. Cal. Feb. 5, 2016) (quoting *CMAX v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

In applying these factors, numerous courts, including this Court, have stayed class action claims where a class settlement has been reached in another court that, if approved, would impact the claims before the Court. *See, e.g.*, *Advanced Internet Technologies, Inc. v. Google, Inc.*, No. C-05-02579 RMW, 2006 WL 889477, at *1-2 (N.D. Cal. Apr. 5, 2006) (granting stay of class claims pending the resolution of a substantially similar class action before Arkansas state court where the parties had reached a tentative settlement) (hereinafter, "*AIT*"); *JP Morgan Chase LPI Hazard Litigation*, Case No. C-11-03058 JCS, 2013 WL 3829271 at *5 (N.D. Cal. July 23, 2013) (granting a stay pending the outcome of court approval of a settlement in principle reached in parallel class action pending before a different federal court); *Jaffe*, 2007 WL 163196, at *1-2 (staying class claims in light of "the advanced stage of the settlement negotiations" in a parallel, overlapping class action in another federal district court even though a settlement had not been reached, given the probability those negotiations would resolve the claims before the court).

These and other courts have recognized the efficiency and fairness in staying class proceedings in order to allow a ruling on a proposed settlement of class claims in a parallel proceeding. *See, e.g.*, *Albert v. Blue Diamond Growers*, 232 F. Supp. 3d 509, 513 (S.D.N.Y. 2017) (staying class claims pending resolution of proposed settlement agreement in similar class action pending before another court); *Hurrle v. Real Time Resolutions, Inc.*, No. C13-5765, 2016 WL 4575740, at *2-3 (W.D. Wash. Jan. 6, 2016) (granting stay of first-filed class claims pending resolution of motion to approve proposed settlement of overlapping claims in second-filed class action before different federal court); *Brown v. Abercrombie & Fitch Co.*, Case No. CV 14-1242 JGB (VBKx), 2015 WL 12778338, at *6 (C.D. Cal. June 24, 2015) (staying proceedings after plaintiffs moved for class certification because "the Court concludes that a stay of Plaintiffs' rest break claims is appropriate, given the pending proposed settlement agreement in the Aparicio

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 32841930.1

6

DEFS.' NOTICE OF MOTION AND
MOTION TO STAY
Case No. 3:17-cv-01584-WHO

state court action."); *Nunez v. Supervalu, Inc.*, No. 13-CV-626-WQH-JMA, 2014 WL 2759077, at *2 (S.D. Cal. June 16, 2014) ("The Court finds that staying this action pending resolution of the settlement approval process in Quinn [a state court case] is, on balance, in the best interests of the parties and the orderly course of justice."); *Taylor v. AlliedBarton Sec. Services LP*, No. 1:13-cv-01613-AWI-SKO, 2014 WL 1329415, at *13-14 (E.D. Cal. Apr. 1, 2014) (granting stay of state law class claims because, in part, "Plaintiffs are both class members of the *Navarro* action, in which parties are currently seeking [state] court approval of a settlement agreement, and which may have preclusive effects on Plaintiffs' ability to assert some of the claims in this action.").

As in the above cases, the relevant factors here support a stay of Dalchau's state law claims, including her pending motion for class certification of those claims.

### A. A Temporary Stay Will Simplify the Issues and Allow for Efficient Adjudication of Overlapping Litigation

First, if the *Moppin* settlement is finally approved, it would resolve the state law claims in this action as to nearly all putative class members. As such, if the *Moppin* settlement is approved, Dalchau's class claims will not only be simplified – they will be almost completely resolved,[6] making Dalchau's certification motion largely moot. If the Court stays Dalchau's state law claims and the State Court does not approve the *Moppin* settlement, this Court can then promptly consider Dalchau's pending motion for class certification. Accordingly, this factor supports granting a stay. *See, e.g.*, *Hurrle*, 2016 WL 4575740, at *2 (holding that a stay "furthers the orderly course of justice" because the outcome of the pending motions to approve a class settlement in parallel action would impact the proceedings before the court); *Taylor*, 2014 WL 1329415, at *14 ("[a] stay of Plaintiffs' state law claims is warranted to promote judicial efficiency" where settlement was submitted to state court in parallel action, which, if approved, "may have preclusive effects on Plaintiffs' ability to assert some of the claims in this action"); *AIT*, 2006 WL 889477, at *2 (granting stay because "[s]ettlement of the Arkansas class action would have a material impact on the action here").

---

[6] A small number of putative class members who worked on California assignments between March 25, 2013 and June 30, 2013 would not be barred by the *Moppin* settlement from pursuing class claims in this action.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 32841930.1

7

DEFS.' NOTICE OF MOTION AND MOTION TO STAY
Case No. 3:17-cv-01584-WHO

**B.    Denying a Stay Will Cause Hardship to the Court, the Defendants, and the Putative Class**

If the Court denies a temporary stay of Dalchau's state law claims, it will create hardship in multiple ways. As mentioned above, denying a stay will cause this Court and the parties to unnecessarily expend time and resources on issues that the *Moppin* settlement may narrow or render moot. *See AIT*, 2006 WL 889477, at *2 ("Proceeding with AIT's motion for class certification under these circumstances would be a waste of judicial resources, as progress in the [state court] suit could require this court to revisit any ruling on AIT's motion"); *see also Albert*, 232 F. Supp. 3d at 513 (granting discretionary stay in part because proceeding with the case while a potential settlement encompassing the plaintiffs' claims was pending "would unduly burden [the defendant] as well as this Court"); *Hurrle*, 2016 WL 4575740, at *2 ("Staying this case ensures the Court and the parties do not waste time and resources addressing issues that may change or become moot").

**C.    Dalchau Will Not Suffer Damage From a Temporary Stay of Her State Law Class Claims**

The benefits to the Court and parties (as well as the putative class) of staying Dalchau's state law claims while approval of the *Moppin* settlement is pending are clear, and granting a temporary stay here will cause *no* actual damage to Dalchau. Because the class claims are tolled under *American Pipe and Construction Co. v. Utah*, 414 U.S. 538 (1974), a delay of a certification ruling will not cause any class members hardship. *Id.* at 554. Also, like all putative class members, Dalchau will have the option to raise any objections about the fairness of the *Moppin* settlement during the approval process in State Court. *See JPMorgan Chase LPI Hazard Litig.*, 2013 WL 3829271, at *4 (holding that granting a stay of these proceedings would not harm plaintiffs); *AIT*, 2006 WL 889477, at *2 (rejecting argument that court should deny stay of proceedings based on assertion that settlement reached in state court "will be unfair because Google has selected the plaintiffs with the worst lawyers for settlement negotiations"). Moreover, if the State Court approves the *Moppin* settlement, Dalchau will not have further time and expense litigating class claims in this Court. As such, a stay of limited duration while the State Court considers whether to approve the *Moppin* settlement will not cause Dalchau any damage.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 32841930.1

8

DEFS.' NOTICE OF MOTION AND
MOTION TO STAY
Case No. 3:17-cv-01584-WHO

1   *See Albert*, 232 F. Supp. 3d at 513 (staying claims pending resolution of a proposed settlement in
2   another case, in part, because "a stay in this case will not prejudice Plaintiffs"); *Hurrle*, 2016 WL
3   4575740, at *2 ("The possible prejudice that may result from the stay is also minimal"); *Jaffe*,
4   2007 WL 163196, at *2 (holding that the interests of Plaintiffs, "either individually or on behalf
5   of the proposed class" would not be prejudiced by a stay).

6         Defendants recognize that the State Court postponed the hearing on Moppin's motion for
7   preliminary approval of the settlement until April 12, 2018, but that does not warrant denying a
8   stay of the state law class claims here. The State Court did not (and could not) rule whether
9   federal court standards favor a stay in *Dalchau*. Any claim by Plaitniffs that they need a
10  certification ruling in this case in order to object to the settlement reached in *Moppin* would be
11  legally unsound. A ruling on class certification in one class action does not prevent a related
12  class action from proceeding to a settlement or other final resolution. *See* Newburg on Class
13  Actions § 10:33 ("A common misunderstanding is that certification of a class in one suit
14  somehow forestalls other related cases . . . Class certification alone therefore has no formal effect
15  on litigation elsewhere"); *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 838 (7th Cir. 1999)
16  (holding that short of final judgment, rulings in one class action do not bind separate class action:
17  "Parallel cases often seek the same relief. There's nothing peculiar about class actions."); *Hall v.*
18  *Midland Grp. and Midfirst Bank*, No. CIV.A 99-3108, 2000 WL 1725238, at *2 (E.D. Pa. Nov.
19  20, 2000) ("the pendency of a parallel or overlapping class action does not preclude certification
20  and adjudication of a subsequent class action").

21        If Dalchau argues that a stay will prevent her from using this action to raise her objections
22  to the *Moppin* Settlement (which she has already tried to do in her response to the Notice of
23  Pendency), such a tactic would be improper. *See Thompkins v. Key Health Med. Sols., Inc.*, No.
24  1:12-cv-613, 2015 WL 1292228, at *12 (M.D.N.C. Mar. 23, 2015) ("Although Plaintiffs take
25  issue with the terms of that settlement [reach in another action], this is not the appropriate forum
26  to address those concerns. Indeed, it seems a particularly inappropriate use of the class
27  certification process to allow Plaintiffs to use the present suit to disrupt the nationwide settlement
28  in the California Action."); *JPMorgan Chase LPI Hazard Litig.*, 2013 WL 3829271, at *4 (ruling

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 32841930.1

9

DEFS.' NOTICE OF MOTION AND
MOTION TO STAY
Case No. 3:17-cv-01584-WHO

1  that "the fairness of any settlement in *Herrick* [a parallel action pending before a different federal
2  court] is not an issue properly before this Court.").

3  **IV.   CONCLUSION**

4  For the foregoing reasons, this Court should weigh the relevant factors as it and other
5  courts have repeatedly done, and stay Dalchau's state law claims while the State Court considers
6  approval of the *Moppin* settlement agreement. Accordingly, Defendants respectfully request that
7  the Court enter an order staying the litigation of the state law claims, including the pending class
8  certification motion, until the Stanislaus County Superior Court decides whether to preliminarily and
9  finally approve the proposed settlement in *Andrea Moppin v. Fastaff, LLC; U.S. Nursing Corporation.*

Dated: February 21, 2018

MORGAN, LEWIS & BOCKIUS LLP

By   /s/ John S. Battenfeld
     John S. Battenfeld

Attorneys for Defendants
FASTAFF, LLC, and U.S. NURSING CORPORATION

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 32841930.1

10

DEFS.' NOTICE OF MOTION AND MOTION TO STAY
Case No. 3:17-cv-01584-WHO