UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE DALCHAU, et al.,<br><br>    Plaintiffs,<br><br>       v.<br><br>FASTAFF, LLC, et al.,<br><br>    Defendants. | Case No. 17-cv-01584-WHO<br><br>**ORDER GRANTING FINAL APPROVAL AND AWARD OF ATTORNEYS' FEES AND COSTS**<br><br>Re: Dkt. Nos. 104, 105 |

On October 16, 2019, the Court held a hearing on parties' motion for final approval of their Joint Stipulation of Class and Collective Action Settlement ("Class and Collective Settlement"). In compliance with the Preliminary Approval Order, class members have been given adequate notice. There were no objections submitted to the Class and Collective Settlement, and no one other than counsel for the parties appeared at the hearing.

Having considered the Class and Collective Settlement, the supporting papers filed by the parties, the application for final approval of the settlement, the application for an award of Class Counsel's attorneys' fees and reimbursement of costs, the application for service awards for the Class Representatives, the request for reimbursement of the costs of the Settlement Administrator, and the evidence and argument received by the Court at the Final Approval Hearing on October 16, 2019, I GRANT final approval of the settlement, and ORDER as follows:

1. The Court hereby enters Judgment and grants final approval of the Class and Collective Settlement and finds that it is fair, reasonable, and adequate and satisfies the standards for final approval of a class and collective settlement under federal law. The parties shall fulfill the terms of the Class and Collective Settlement. The classes covered by this Order are defined as follows:

> **FLSA Collective**: All individuals who, at any time within three years prior to the date of conditional certification, worked an assignment pursuant to an Assignment Agreement Letter with Fastaff, LLC, during which they received a housing stipend or in-kind housing, worked in excess of 40 hours in one or more workweeks, and had the value of their housing benefit excluded from their regular rate for purposes of calculating overtime
>
> **Rule 23 Class**: All individuals, except for those who worked exclusively on or after November 16, 2017 and received in-kind housing, who, at any time from March 25, 2013 through the date of certification, worked in California pursuant to an Assignment Agreement Letter with Fastaff during which they received a housing stipend or in-kind housing, received overtime pay, and had the value of the housing benefit excluded from their regular rate for purposes of calculating overtime pay.

2. The Class and Collective Settlement and this Judgment shall be binding on (1) the 990 individuals who joined the FLSA Collective and (2) all individuals falling within the definition of the Rule 23 Class certified by this Court on April 9, 2018 with the exception of only those 24 individuals who timely requested exclusion from the certified class. *See* Declaration of Settlement Administrator [Dkt. No. 98-6] 15–36, 43; Class Certification Order [Dkt. No. 74]. As of the Effective Date, the Released State Law Claims of every Settlement Class Member who is also a Class Member is and shall be deemed to be conclusively released against the Defendants and Released Parties. As of the Effective Date, the Released Federal Law Claims of every Settlement Class Member who is not a FLSA Collective Action Member and who cashes or deposits the check representing payment for Compensable FLSA Overtime Hours is and shall be deemed to be conclusively released against the Defendants and Released Parties. As of the Effective Date, the Released Federal Law Claims of every Settlement Class Member who is also a FLSA Collective Action Member, whether or not they cash or deposit the check representing payment for Compensable FLSA Overtime Hours, is and shall be deemed to be conclusively released against the Defendants and Released Parties.

3. The notice of the Class and Collective Settlement and notice methodology implemented by the parties following the Order granting preliminary approval of the Class and Collective Settlement (i) was the best practicable notice under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the FLSA Collective and the Rule 23 Class of the pendency of the proposed settlement, their right to object to the proposed settlement,

and their right to appear at the final fairness hearing; (iii) was due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) complied fully with applicable law.

4. The Court approves class counsel's attorneys' fees in the amount of $916,666.66 and reimbursement of class counsel's litigation expenses in the amount of $27,753.14, which shall be paid in accordance with the terms of the Class and Collective Settlement.

5. The Court approves service awards to Plaintiffs Stephanie Dalchau and Michael Goodwin in the amount of $10,000 each, which shall be paid in accordance with the terms of the Class and Collective Settlement.

6. The Court approves settlement administration fees and expenses to CPT Group, Inc. in the amount of $42,000, which shall be paid in accordance with the terms of the Class and Collective Settlement.

7. Within 21 days after distribution of all payments owing under the Class and Collective Settlement, Plaintiffs shall file a post-distribution accounting in accordance with the Procedural Guidance for Class Action Settlements found on the Court's website (www.cand.uscourts.gov/ClassActionSettlementGuidance).

8. This document shall constitute final judgment for the purpose of Rule 58 of the Federal Rules of Civil Procedure. Without affecting the finality of this matter, this Court shall retain jurisdiction over this action and the parties for purposes of enforcing the terms and conditions of the Class and Collective Settlement.

**IT IS SO ORDERED.**

Dated: October 18, 2019



William H. Orrick
United States District Judge

3